IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CATHY CARR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:19-CV-191-RP |
| | § | |
| NATIONAL PRESTO INDUSTRIES, INC., | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is the order and report and recommendation of United States Magistrate Judge Mark Lane concerning Defendants' Motion for Summary Judgment, (Dkt. 32), Plaintiff's Motion for Summary Judgment, (Dkt. 39), Plaintiff's Motion to Exclude Intertek Papers, (Dkt. 42), Plaintiff's Motion to Compel Discovery from Defendants, (Dkt. 43), and Plaintiff's Motion to Exclude Both Experts of the Defendants for Cause, (Dkt. 44). (Order and R. & R., Dkt. 71). In his report and recommendation, Judge Lane recommends that the Court grant Defendants' Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment. (*Id.* at 10). In his order, Judge Lane denied Plaintiff's Motion to Exclude Intertek Papers, Plaintiff's Motion to Compel Discovery from Defendants, and Plaintiff's Motion to Exclude Both Experts of the Defendants for Cause. (*Id.* at 10–11). Plaintiff Cathy Carr ("Carr") timely filed objections to the report and recommendation, (Objs., Dkt. 74), and the Court construes her objections also as an appeal from Judge Lane's orders on her nondispositive motions, (*see id.*).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Carr timely objected to each portion of the report and recommendation, the

Court reviews the report and recommendation *de novo*. Having done so, the Court overrules Carr's objections and adopts the report and recommendation as its own order.

A district judge may reconsider any pretrial matter determined by a magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). District courts apply a "clearly erroneous" standard when reviewing a magistrate judge's ruling under the referral authority of that statute. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). The clearly erroneous or contrary to law standard of review is "highly deferential" and requires the court to affirm the decision of the magistrate judge unless, based on the entire evidence, the court reaches "a definite and firm conviction that a mistake has been committed." *Gomez v. Ford Motor Co.*, No. 5:15-CV-866-DAE, 2017 WL 5201797, at *2 (W.D. Tex. Apr. 27, 2017) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The clearly erroneous standard "does not entitle the court to reverse or reconsider the order simply because it would or could decide the matter differently." *Id.* (citing *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015)). Because Carr timely filed an appeal from Judge Lane's order, the Court reviews Judge Lane's order to determine if it is clearly erroneous or contrary to law. Having done so, the Court denies Carr's appeal and affirms Judge Lane's order.

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Mark Lane, (Dkt. 71), is **ADOPTED**. The Court **GRANTS** Defendants' Motion for Summary Judgment, (Dkt. 32), and **DENIES** Plaintiff's Motion for Summary Judgment, (Dkt. 39).

**IT IS FURTHER ORDERED** that the Court **AFFIRMS** Judge Lane's order denying Plaintiff's Motion to Exclude Intertek Papers, (Dkt. 42), Plaintiff's Motion to Compel Discovery from Defendants, (Dkt. 43), and Plaintiff's Motion to Exclude Both Experts of the Defendants for Cause, (Dkt. 44). (Order and R. & R., Dkt. 71).

**IT IS FURTHER ORDERED** that the Court **DENIES** Carr's appeal, (Dkt. 74).

**IT IS FINALLY ORDERED** that Carr's claims are **DISMISSED WITH PREJUDICE**. The Court will enter final judgment by separate order.

**SIGNED** on September 12, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE